UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JINNI TECH, LTD., et al.,<br><br>                Plaintiffs,<br>v.<br><br>RED.COM, INC., et al.,<br><br>                Defendants. | CASE NO. 17-0217JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.    INTRODUCTION

This matter comes before the court on Plaintiffs Jinni Tech, Ltd. and Bruce Royce's (collectively, "Jinni Tech") motion for reconsideration. (MFR (Dkt. # 36).) Defendants Red.com, Inc. and Red.com, LLC (collectively, "Red.com") oppose the motion. (Resp. (Dkt. # 39).) For the reasons stated below, the court DENIES the motion.

## II.    BACKGROUND

This case involves dueling patent infringement claims filed by both parties in separate district courts. On March 2, 2017, Red.com brought suit against Jinni Tech in

ORDER - 1

the Central District of California, alleging that Jinni Tech infringed Red.com's United States Patent No. 9,596,385 ("the '385 Patent").[1] *See generally Red.com, Inc. v. Jinni Tech, Ltd.,* No. 8:17-cv-00382-CJC-KES, Dkt. # 1 ("Compl.") (C.D. Cal.). About two months later, on May 23, 2017, Jinni Tech filed an amended complaint in this suit, adding two claims seeking declaratory judgment of noninfringement and invalidity of the '385 Patent. (*See* FAC ¶¶ 183-88.)

On October 20, 2017, the court dismissed Jinni Tech's claims for declaratory judgment under the first-to-file rule. (Order at 18-22.) The court noted the existence of an earlier-filed patent infringement suit in the Central District of California that involved "three of the four parties in this suit" and "raises substantially similar issues as the declaratory judgment claims do here." (*Id.* at 20.) Thus, the court exercised its discretion under the first-to-file rule to dismiss Jinni Tech's claims, commenting that doing so "fulfills both purposes behind the first-to-file rule: decreasing the burden on the judiciary by eliminating duplicative litigation and preventing the possibility of conflicting judgments on substantially identical patent issues brought by substantially identical parties." (*Id.* at 22 (citing *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292-93 (N.D. Cal. 2013).)

Jinni Tech's only argument against application of the first-to-file rule was that the Central District of California had no jurisdiction over Red.com's patent infringement claims. (*See* Order at 21.) The court rejected that argument for two reasons. First, the

---

[1] The court describes in detail this patent and the parties' feud over its covered products in the order on Red.com's motion to dismiss or transfer. (Order (Dkt. # 32) at 2-8.)

court noted that the Central District of California had rejected Jinni Tech's jurisdictional argument in an order upholding Red.com's suit. (*Id.*) And second, "notwithstanding the Central District of California's order," the court concluded that it was "not equipped to determine the merit of a complaint that is not before it, nor is the validity of the first-filed suit a recognized exception to the first-to-file rules." (*Id.* (citing *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269-70 (C.D. Cal. 1998).)

On November 29, 2017, the Central District of California court reversed its order upholding Red.com's patent infringement suit. (*See* Whitaker Decl. (Dkt. # 37) ¶ 3, Ex. A.) On a motion for reconsideration, the court there held that "[b]ecause the '385 Patent had not issued when [Red.com] filed its Complaint, there was no justiciable case or controversy at the time of filing." (*Id.* at 7.) Accordingly, the Central District of California court dismissed Red.com's patent infringement claims without prejudice. (*Id.*) Both parties immediately took action that same day. Red.com refiled a suit for infringement of the '385 Patent in the Central District of California. (Whitaker Decl. ¶ 4; *see generally id.*, Ex. B.) Jinni Tech submitted the present motion for reconsideration, asking this court to reinstate the declaratory judgment claims based upon the Central District of California's dismissal of Red.com's first-filed patent infringement claims. (*See generally* MFR.) The court now addresses the motion.

### III. ANALYSIS

Although Jinni Tech titles its motion as one for reconsideration (*see* MFR at 1), it admits that its motion must be treated as a motion for relief brought pursuant to Federal Rule of Civil Procedure 60(b), because the motion was brought after the 14-day window

allowed under the Local Rules for motions for reconsideration (*id.* at 3); *see also* Local Rules W.D. Wash. LCR 7(h)(2). Specifically, Jinni Tech contends that relief is warranted because the court's order was "based on an earlier judgment that has been reversed or vacated."[2] (MFR at 3 (quoting Fed. R. Civ. P. 60(b)(5)).) In other words, Jinni Tech argues that the court based its dismissal on the Central District of California's previous ruling that it had subject matter jurisdiction; because that ruling has now been reversed, Jinni Tech believes that its declaratory judgment claims should be reinstated. (*See id.*) The court disagrees.

At the outset, Rule 60(b)(5) is inapplicable as a matter of law. "Rule 60(b)(5) applies only to those judgments that have prospective application." *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008). Prospective application means that the judgment at issue "is executory or involves the supervision of changing conduct or conditions." *Id.*; *see also Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1139 (D.D.C. 1988) (defining a judgment with prospective application as one that compels a party to perform, orders a party not to perform a future act, or mandates court supervision of continuing interaction between the parties). Thus, although every court order "causes at least some reverberations into the future," the fact that an order has "continuing consequences . . . does not necessarily mean that it has 'prospective application' for the purposes of Rule

---

[2] Jinni Tech mentions the catch-all provision of Rule 60(b)(6) in passing but does not subsequently make any argument under that provision. (*See* MFR at 3 (quoting the "any other reason that justifies relief" language of Rule 60(b)(6)).) Even if Jinni Tech intended to rely on Rule 60(b)(6), it falls short of showing the "extraordinary circumstances" needed to obtain relief. *See Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017).

ORDER - 4

60(b)(5)." *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995). As a result, Rule 60(b)(5) typically applies to cases involving injunctions or consent decrees. *See Burt v. Cty. of Contra Costa*, No. 73-cv-00906-JCS, 2014 WL 253010, at *1 (N.D. Cal. Jan. 22, 2014). Dismissals of a party or of a claim rarely, if ever, fall within the ambits of Rule 60(b)(5). *See Maraziti*, 52 F.3d at 254; *Gibbs v. Maxwell House, A Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1155-56 (11th Cir. 1984) (holding that a dismissal was not prospective because it was "final and permanent").

The court's previous dismissal of Jinni Tech's declaratory judgment claims does not have prospective application, rendering Rule 60(b)(5) inapposite. The dismissal was final and permanent; it did not compel either party to perform or not perform some future action, nor did it set up court supervision of changing conduct or circumstances. *See Harvest*, 531 F.3d at 748; *Gibbs*, 738 F.2d at 1155-56; *Twelve John Does*, 841 F.2d at 1139. Jinni Tech makes no argument otherwise and, indeed, makes no argument at all regarding Rule 60(b)(5)'s applicability. Accordingly, on this ground alone, the court denies Jinni Tech's Rule 60(b)(5) motion for relief.

But even if Rule 60(b)(5) applied, Jinni Tech has not shown that relief is warranted because the court's dismissal was not "based on" a judgment that has been reversed or vacated. "The application of Rule 60(b)(5) is limited to a judgment *based* on a prior judgment reversed or otherwise vacated—based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding." *Tomlin v. McDaniel*, 865 F.2d 209, 210-11 (9th Cir. 1989) (emphasis in original), *declared overruled on other grounds, Phelps v. Alamedia*, 569 F.3d 1120 (9th Cir. 2009); *see also Bailey v. Ryan*

*Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990) (holding that for a decision to be "based on" a prior judgment, "the prior judgment must be a necessary element of the decision" (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 650 (1st Cir. 1972) (internal quotation marks omitted)).

The court's previous dismissal was not "based on" the Central District of California's order within the meaning of Rule 60(b)(5). Instead, the dismissal was based upon the first-to-file doctrine, which is unaffected by the Central District of California's reversal. (*See* Order at 18-22.) The court pointed to the Central District of California's previous order as one reason why Jinni Tech's counterargument is meritless. (*Id.* at 21.) But the court made clear that "notwithstanding the Central District of California's order," the court had "no reason to deviate from the first-to-file rule." (*Id.* (listing two additional and independent reasons why Jinni Tech's contention failed).) The court's reference to the Central District of California is a far cry from cases in which Rule 60(b)(5) relief was granted. *See, e.g., Azzolini v. Marriott Int'l, Inc.*, 417 F. Supp. 2d 243, 245 (S.D.N.Y. 2005) (granting Rule 60(b)(5) relief from a res judicata judgment because it was based entirely on a previous judgment that was subsequently vacated).

Indeed, Jinni Tech's logic is self-defeating. Jinni Tech argues that because Red.com's first-filed claims were dismissed in the Central District of California, its declaratory judgment claims were the first-filed. (*See* MFR at 3.) But Jinni Tech ignores the fact that its own declaratory judgment claims were also dismissed, and if dismissal negates the first-filed status of Red.com's claims, then there is no reason why the same does not occur for Jinni Tech's declaratory judgment claims. Jinni Tech further ignores

how Red.com immediately refiled its patent infringement claims on November 29, 2017. (*See* Resp. at 8.) Thus, even if Jinni Tech's declaratory claims were now revived, they would once again be the later-filed claims subject to dismissal; Jinni Tech offers no argument addressing this scenario. (*See generally* MFR, Resp.) In essence, Jinni Tech asks the court to blindly reinstate any claim previously dismissed under the first-to-file doctrine if the first-filed claim is subsequently dismissed, but provides no precedent that has interpreted the first-to-file doctrine in this way and no indication that Rule 60(b)(5) is the appropriate vehicle.[3] The court declines to do so.

In sum, not only is Rule 60(b)(5) inapplicable, but even if it were, the circumstances in this case do not warrant relief. Accordingly, the court denies Jinni Tech's motion.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Jinni Tech's motion for reconsideration (Dkt. # 36).

Dated this 25 day of January, 2018.

JAMES L. ROBART
United States District Judge

---

[3] Indeed, Jinni Tech's argument section contains only six lines of text, with no citations to any case law on this issue. (*See* MFR at 3.)

ORDER - 7