UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JINNI TECH LTD., et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>RED.COM, INC., et al.,<br><br>                Defendants. | CASE NO. C17-0217JLR<br><br>ORDER |

On July 9, 2018, counsel for Plaintiffs Jinni Tech, Ltd. and Bruce Royce (collectively, "Plaintiffs") moved to withdraw. (MTW (Dkt. # 42).) Counsel sought to withdraw because they did "not believe that the advice they provide w[ould] materially aid [Plaintiffs] and that [Plaintiffs] w[ould] be better served by other attorneys." (*Id.* at 2-3.) Pursuant to Local Civil Rule 83.2, the court granted the motion on July 10, 2018. (7/10/18 Order (Dkt. # 44)); *see also* Local Rules W.D. Wash. LCR 83.2.

After the court entered its order, Mr. Royce responded, asking the court to deny the motion or "at least . . . post-pone [sic] the issuance of the order . . . until [he] can

secure a new representative." (MTW Resp. (Dkt. # 46) at 1.) Based on the hardship Mr. Royce identifies (*see id.*), the court stays this matter for two (2) weeks from the date of this order to allow Plaintiffs to secure new counsel. The effective date of counsel's withdrawal will be two (2) weeks from the date of this order. If new counsel does not appear for Plaintiffs by that date, Mr. Royce will be required to proceed *pro se*, and the court will dismiss Jinni Tech's claims for failure to prosecute. *See* Local Rules W.D. Wash. LCR 83.2(b)(4) (stating that a "business entity . . . must be represented by counsel" and "that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute").

Dated this 11th day of July, 2018.

JAMES L. ROBART
United States District Judge