UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JINNI TECH, LTD., et al.,<br><br>                      Plaintiffs,<br>      v.<br><br>RED.COM, INC., et al.,<br><br>                      Defendants. | CASE NO. C17-0217JLR<br><br>ORDER DENYING MOTION TO LIFT THE STAY |

## I. INTRODUCTION

Before the court is Defendants RED.com, Inc. and RED.com, LLC's (collectively, "Defendants" or "RED") motion to lift the stay in this case. (Mot. (Dkt. # 61).) Plaintiffs Jinni Tech, Ltd. ("Jinni Tech") and Bruce Royce (collectively, "Plaintiffs") oppose the motion (Resp. (Dkt. # 63)), and Defendants filed a reply (Reply (Dkt. # 64)). The court has considered the parties' submissions concerning the motion, the relevant portions of

//

//

ORDER - 1

the record, and the applicable law.  Being fully advised,[1] the court DENIES Defendants' motion to lift the stay.

## II. BACKGROUND AND ANALYSIS

The court has detailed this case's factual and procedural background in its prior orders.  (*See* 10/20/17 Order (Dkt. # 32) at 2-8; 10/26/18 Order (Dkt. # 59) at 2-7.)  Thus, in this order, the court recounts only the facts and procedural history salient to the instant motion.

This case involves competing filmmaking products manufactured and sold by the parties.  (*See* FAC (Dkt. # 10) ¶¶ 3-6; Answer (Dkt. # 33) ¶ 3.)  Plaintiffs claim that, after Jinni Tech introduced a filmmaking product—the JinniMag—RED made or encouraged a series of allegedly false statements about Jinni Tech.  (*See generally* FAC.)  Plaintiffs filed suit on February 10, 2017, asserting that Defendants falsely advertised RED's products and engaged in unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a).  (*See* Compl. (Dkt. # 1) ¶¶ 90-108; FAC ¶¶ 107-25.)  Plaintiffs also assert various violations of Washington law, including product disparagement and trade libel, tortious interference, intentional and negligent infliction of emotional distress, defamation, false light, and violations of the Washington Consumer Protection Act. (FAC ¶¶ 126-82.)  A month after Plaintiffs filed suit, on March 2, 2017, RED.com, Inc. brought an action against Jinni Tech and Mr. Royce in the Central District of California, alleging patent infringement, trademark infringement, and other violations of federal and

---

[1] Plaintiffs request oral argument on the motion (*see* Resp. at 1), but the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

state law. *See generally Red.com, Inc. v. Jinni Tech, Ltd.*, No. 8:17-cv-00382-CJC-KES, Dkt. # 1 ("Compl.") (C.D. Cal.) (hereinafter, "the California case"). The California case is scheduled for trial on May 7, 2019. (*See* 10/26/18 Order at 6.) This case was scheduled for trial on August 19, 2019. (*See id.*; *see also* Sched. Order (Dkt. # 24) at 1.)

After various motions by the parties in both courts (*see* 10/26/18 Order at 4-5), Plaintiffs brought a motion to stay this action pending resolution of the California case (*see generally id.*; *see also* MTS (Dkt. # 49)). In opposing the stay, RED argued, in part, that a stay would damage its ability to conduct timely and complete discovery, including taking Mr. Royce's deposition, preventing it from finalizing its summary judgment motion and resolving this case. (MTS Resp. (Dkt. # 54) at 9-10.) After considering the parties' arguments and the three relevant factors for a stay, the court determined that a stay was appropriate. (*See* 10/26/18 Order at 8-16.) The court explained the parameters of the stay as follows:

> [E]xcept for matters related to discovery, the court stays this case until the proceedings before the Central District of California are complete. During this stay, however, the parties must continue conducting discovery according to the current scheduling order. (*See generally* Sched. Order.) The discovery cutoff date of March 8, 2019, remains in effect, as does the deadline for filing motions related to discovery. (*See id.* at 2.) . . . This stay will permit the court to conserve resources and benefit from the California case's disposition of the patent claims. This limited stay, which addresses Defendants' concerns about completing discovery, will work minimal hardship, if any, on the parties, and will guard against the risk of inconsistent rulings.
>
> Within fourteen (14) days of completion of the proceedings before the Central District of California, the parties shall file a joint status report, briefly outlining the resolution of the California case and proposing a new case schedule. In addition, should circumstances otherwise change such that lifting the stay is warranted, either party may move to lift the stay. Once the

|   |   |
|---|---|
| 1 | stay is lifted, the court will enter a new scheduling order as soon as practicable. |
| 2 | |

(*Id.* at 15-16.) The court concluded that, in light of the parameters of the stay, which allowed discovery to proceed and only minimally extended the case, RED would "suffer minimal harm, if any." (*Id.* at 9-11.) In addition, the court determined that the "significant overlap" between this case and the California case, and the potential for inconsistent rulings, favored a stay. (*Id.* at 11-13.)

In its present motion to lift the stay, RED argues that "circumstances have changed such that" the court should lift the stay and hear Defendants' motion for summary judgment. (Mot. at 3.) RED focuses its motion on the third stay factor: whether the stay contributes to "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); (Mot. at 4-8.) RED claims that this factor "favor[s] lifting the stay for the limited purpose of hearing RED's motion for summary judgment." (Mot. at 4.) In short, RED has now taken Mr. Royce's deposition. (*Id.* at 2.) RED claims that Mr. Royce's deposition "provides the factual basis for this Court to dismiss Plaintiffs' claims" without having to wait for the California case's outcome. (*Id.* at 2-8.) RED also points out that, due to the different legal standards in the two cases, it is possible that one party could prevail in the California case while the other party could prevail in this court without there being inconsistent rulings. (*Id.* at 6.) Therefore, according to RED, the court should not maintain the stay because it may be possible to reconcile seemingly inconsistent rulings.

The court finds that circumstances have not changed such that it should lift the stay. The court considered many of RED's current arguments when deciding to stay the case in the first place. For example, the court already addressed that "the issues in the California case are not identical to the issues here." (10/26/18 Order at 13.) To clarify, the relevant factor when considering a stay is not whether the issues in one case will be absolutely dispositive of the issues in the other case. Rather, the court considers whether a stay will contribute to "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. In weighing this factor in its prior order, the court considered that, on the one hand, the California case relates to whether Plaintiffs infringed Defendants' rights by manufacturing and selling the JinniMag and that, on the other hand, all of Plaintiffs' claims in the present case ask the court to consider to some extent whether patent infringement occurred. (10/26/18 Order at 12.) In addition, the court considered that some of RED's affirmative defenses require the court to know whether Plaintiffs committed patent infringement, which is strictly the province of the California case. (*Id.*) The court therefore concluded that, although the cases are not identical, "there is a significant overlap of the issues" between the cases such that "resolution of the California case will help decide the factual and legal issues before the court." (*Id.* at 12, 13.)

RED claims that the court does not need to wait for the California case to resolve because, based on Mr. Royce's deposition, the court can now conclude that Defendants' alleged defamatory statements at issue in this case are "substantially true," which is a

complete defense to defamation under Washington law. (Mot. at 4-6 (citing *Mohr v. Grant*, 108 P.3d 768, 775 (Wash. 2005)).) But this argument requires the court to wade into the question of patent infringement, which, again, is the province of the California court. Moreover, RED is incorrect that the court will not need decide whether patent infringement occurred or whether the disputed statements are non-actionable because it is undisputed that Mr. Royce admitted to as much in his deposition. (Mot. at 5, 7-8; *see generally* Reply.) To the contrary, the majority of Plaintiffs' response expressly disputes RED's characterizations of Mr. Royce's "admissions." (*See* Resp. at 3-10.)

Finally, when the court issued the stay, it understood that Mr. Royce's deposition was imminent and that RED was eager to file a summary judgment motion. (*See* 10/26/18 Order at 8-9.) Now that Mr. Royce's deposition has occurred, RED claims that circumstances have changed such that the stay should be lifted, allowing it to move for summary judgment. This anticipated deposition is not the type of changed circumstance the court envisioned when the court qualified the parameters of its stay. (*Id.* at 16 (staying this case pending resolution of the proceedings in the California case, but explaining that, "should circumstances change such that lifting a stay is warranted, either party may move to lift the stay").)

//
//
//
//
//

## III. CONCLUSION

For all the foregoing reasons, the court DENIES Defendants' motion to lift the stay. (Dkt. # 61.)

Dated this 1st day of March, 2019.

JAMES L. ROBART
United States District Judge