```
 1
 2
 3
 4
 5
 6
 7                           UNITED STATES DISTRICT COURT
 8                          WESTERN DISTRICT OF WASHINGTON
                                      AT SEATTLE
 9
10   JINNI TECH, LTD., et al.,              CASE NO. C17-0217JLR
11                        Plaintiffs,       ORDER GRANTING MOTION
                                            TO WITHDRAW
12         v.
13   RED.COM, INC., et al.,
14                        Defendants.
```

## I. INTRODUCTION

Before the court is Philip Mann's unopposed motion to withdraw as counsel for Plaintiffs Jinni Tech, Ltd. ("Jinni Tech") and Bruce Royce (collectively, "Plaintiffs"). (5/18/19 MTW (Dkt. # 67).) This matter is currently stayed (*see* 10/26/18 Order (Dkt. # 59)), but the court finds good cause to lift the stay for the limited purpose of resolving this motion. Having considered the motion, the submissions concerning the motion, the relevant portions of the record, and the applicable law, the court GRANTS Mr. Mann's motion to withdraw as specified herein.

## II. BACKGROUND

Plaintiffs filed suit on February 10, 2017, against Defendants RED.com, Inc. and RED.com, LLC (collectively, "Defendants" or "RED"), alleging claims arising out of competing filmmaking products manufactured and sold by the parties. (*See* Compl. (Dkt. # 1); *see also* FAC (Dkt. # 10).) A month after Plaintiffs filed suit, on March 2, 2017, RED.com, Inc. brought an action against Jinni Tech and Mr. Royce in the Central District of California, alleging patent infringement, trademark infringement, and other violations of federal and state law. *See generally Red.com, Inc. v. Jinni Tech, Ltd.*, No. 8:17-cv-00382-CJC-KES, Dkt. # 1 (C.D. Cal.) ("the California case"). The California case was scheduled for trial on May 7, 2019. (*See* MTS (Dkt. # 49) at 5; 10/26/18 Order at 6.) This case was scheduled for trial on August 19, 2019. (*See* 10/26/18 Order at 6; Sched. Order (Dkt. # 24) at 1.)

After various motions by the parties in both courts (*see* 10/26/18 Order at 4-5), the court stayed this action pending resolution of the California case (*see generally id.*). The court explained the parameters of the stay as follows:

> [E]xcept for matters related to discovery, the court stays this case until the proceedings before the Central District of California are complete. During this stay, however, the parties must continue conducting discovery according to the current scheduling order. The discovery cutoff date of March 8, 2019, remains in effect, as does the deadline for filing motions related to discovery. This stay will permit the court to conserve resources and benefit from the California case's disposition of the patent claims. This limited stay, which addresses Defendants' concerns about completing discovery, will work minimal hardship, if any, on the parties, and will guard against the risk of inconsistent rulings.
>
> Within fourteen (14) days of completion of the proceedings before the Central District of California, the parties shall file a joint status report, briefly

outlining the resolution of the California case and proposing a new case schedule. In addition, should circumstances otherwise change such that lifting the stay is warranted, either party may move to lift the stay. Once the stay is lifted, the court will enter a new scheduling order as soon as practicable.

(*Id.* at 15-16 (internal citations omitted).) The parties have not yet filed a joint status report informing the court that the California case has resolved. (*See* Dkt.)

Mr. Mann is Plaintiffs' third counsel who has appeared in this matter. Plaintiffs were first represented by Bailey Duquette PC[1] when they filed their complaint. (*See* Dkt.; Compl. at 26.) On May 22, 2017, Lane Powell PC appeared on behalf of Plaintiffs and, the next day, filed Plaintiffs' first amended complaint. (*See* 5/22/17 Notice (Dkt. # 9); FAC at 29.) On June 6, 2017, Bailey Duquette PC withdrew as counsel for Plaintiffs, leaving Plaintiffs represented by only Lane Powell PC. (*See* 6/6/17 Withdrawal (Dkt. # 14).) On July 9, 2018, Lane Powell PC moved to withdraw due to "professional considerations," in part because they did "not believe that the advice they provide w[ould] materially aid [Plaintiffs] and that [Plaintiffs] w[ould] be better served by other attorneys." (7/9/18 MTW (Dkt. # 42) at 2-3.) The court granted Lane Powell PC's motion, making July 25, 2018, the effective date of withdrawal. (*See* 7/10/18 Order (Dkt. # 44); 7/11/18 Order (Dkt. # 47).) On July 25, 2018, Mr. Mann entered a notice of appearance on behalf of Plaintiffs. (*See* 7/25/18 Notice (Dkt. # 48).)

//

---

[1] The court notes there is a discrepancy in the record regarding what law firm represented Plaintiffs at this point. In the complaint, counsel for Plaintiffs, Hozifa Y. Cassubhai, stated that he was affiliated with Cassubhai Law PLLC. (*See* Compl. at 26.) However, on the court's docket, Mr. Cassubhai lists his contact information as Bailey Duquette PC. (*See* Dkt.)

Mr. Mann now brings the present unopposed motion to withdraw as Plaintiffs' counsel.[2] (*See* 5/18/19 MTW.) Although Mr. Mann does not detail the bases for his motion because they implicate sensitive matters concerning the attorney-client relationship, Mr. Mann asserts that, in his professional judgment, "he is no longer able to provide effective representation to Mr. Royce and Jinni Tech and that Plaintiffs would be better served with other lawyers." (*Id.* at 4.; Mann Decl. (Dkt. # 67-1) ¶ 3.) Mr. Mann explains that he has on "several" occasions "notified Mr. Royce and Jinni Tech, Ltd. of [his] intent to withdraw from this matter" "pursuant to the provisions of the representation agreement [he] entered with [Plaintiffs]," including in an email that he sent on May 18, 2019, "that was received" by Mr. Royce. (Mann Decl. ¶ 4.) In fact, according to Mr. Mann, "Mr. Royce has formally discharged [Mr. Mann] as his counsel in this matter." (*Id.*) Mr. Mann further states that he informed Plaintiffs that Jinni Tech "is required by law to be represented by an attorney . . . and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of Jinni Tech, Ltd.'s claims for failure to prosecute and/or entry of default against Jinni Tech, Ltd. as to any claims of other parties." (*Id.* ¶ 5.)

### III. ANALYSIS

Under Local Rule 83.2, "[n]o attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court. . . . The attorney will ordinarily be permitted

//

---

[2] Mr. Mann also represents Plaintiffs in the California case and is moving to withdraw in that case, as well. (*See* 5/18/19 MTW at 3.)

to withdraw until sixty days before the discovery cut off date in a civil case." *See* Local Rules W.D. Wash. LCR 83.2(b)(1). Further:

> A business entity, except a sole proprietorship, must be represented by counsel. If the attorney for a business entity, except a sole proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

*See id.* LCR 83.2(b)(4). "Whether an attorney in a civil case may withdraw is a matter for the Court's discretion." *Equal Emp't Opportunity Comm'n v. Matamoros*, No. 15-1563RAJ, 2017 WL 2794049, at *1 (W.D. Wash. June 28, 2017) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). The court considers several factors when "evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014).

Discovery in this matter has already closed. (*See* 10/26/18 Order at 15 (staying the case, but explaining that "[t]he discovery cutoff date of March 8, 2019, remains in effect, as does the deadline for filing motions related to discovery.").) Nevertheless, the court concludes that Mr. Mann should be permitted to withdraw. *See Washington v. Starbucks Corp.*, No. C08-1144JCC, 2009 WL 10675531, at *1 (W.D. Wash. May 18, 2009) (allowing counsel to withdraw even though "less than sixty days remain before the

discovery cut off date"); *Wild Bainbridge v. Mainlander Servs. Corp.*, No. C04-5054BHS, 2008 WL 2230712 (W.D. Wash. May 29, 2008) (permitting withdrawal even though counsel moved to withdraw one day after the discovery cutoff date).

The Washington State Rules of Professional Conduct require that a lawyer "withdraw from the representation of a client if . . . the lawyer is discharged." Wash. Rules of Prof'l Conduct R. 1.16(a)(3). Here, Plaintiffs have "formally discharged" Mr. Mann. (*See* Mann Decl. ¶ 4.) Further, no party opposes Mr. Mann's motion or claimed that his withdrawal would cause prejudice. (*See* Dkt.); *see Curtis*, 2014 WL 556010, at *4. In addition, considering that this matter has been stayed, the court does not find that the withdrawal will cause harm to the administration of justice or delay the resolution of the case. *See Curtis*, 2014 WL 556010, at *4. Mr. Mann has also certified that he properly advised Jinni Tech of the consequences of his potential withdrawal. (Mann Decl. ¶ 5.); *see* Local Rules W.D. Wash. LCR 83.2(b)(4).

The court recognizes, however, that allowing Mr. Mann to immediately withdraw imperils Jinni Tech's claims in this case. *See* Local Rules W.D. Wash. LCR 83.2(b)(4). The court therefore GRANTS Mr. Mann's motion to withdraw, effective 30 days from the date of this order. Further, the court ORDERS Mr. Mann to provide the court with Mr. Royce's address and telephone number within five days from the date of this order. *See id.* LCR 83.2(b)(1). If another attorney does not file an appearance on behalf of Jinni Tech before Mr. Mann's withdrawal becomes effective, Jinni Tech may be dismissed from this case for failure to prosecute. *See id.* LCR 83.2(b)(4). Similarly, before Mr. Mann's withdrawal becomes effective, Mr. Royce must follow the local rules in either

securing new counsel or representing himself *pro se*. *See generally id.* LCR 83.2. Failure to do so by Mr. Royce may also result in dismissal of his claims for failure to prosecute.

The court also ORDERS Mr. Mann to send a copy of this order to Plaintiffs at Jinni Tech's last known address: 27, WC1N 3AX, London, United Kingdom (UK). (*See* 5/18/19 MTW at 1.) Mr. Royce is Jinni Tech's principal agent. (*Id.*)

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Mann's motion to withdraw, effective 30 days from the date of this order (Dkt. # 67), ORDERS Mr. Mann to provide the court with Mr. Royce's address and telephone number within five days from the date of this order, and ORDERS Mr. Mann to send a copy of this order to Plaintiffs at Jinni Tech's last known address: 27, WC1N 3AX, London, United Kingdom (UK).

Dated this 24th day of June, 2019.

JAMES L. ROBART
United States District Judge