UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JINNI TECH, LTD., et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>RED.COM, INC., et al.,<br><br>                Defendants. | CASE NO. C17-0217JLR<br><br>ORDER DENYING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE |

Before the court is Plaintiffs Jinni Tech, Ltd. ("Jinni Tech") and Bruce Royce's (collectively, "Plaintiffs") motion to extend Plaintiffs' deadline to file a response to Defendants RED.com, Inc., and RED.com, LLC's (collectively, "RED") motion for summary judgment pursuant to Local Civil Rule 7(j). (*See* Mot. (Dkt. # 82); MSJ (Dkt. # 79)); *see also* Local Civil Rules W.D. Wash. LCR 7(j).

On November 14, 2019, RED filed a motion for summary judgment and properly noted it for December 6, 2019. (*See* MSJ at 1; Sched. Order (Dkt. # 75) at 1.) Plaintiffs' deadline to respond to RED's summary judgment motion therefore fell on December 2,

2019.  *See* Local Rules W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date.").

On Plaintiffs' response deadline, Plaintiffs filed the present motion seeking to extend their response deadline to December 9, 2019, and to reset the noting date to December 13, 2019.  (*See* Mot. at 2.)  Plaintiffs claim they need more time because (1) the response was due "on the business day . . . concluding the Thanksgiving holiday;" (2) "Plaintiffs reside in the United Kingdom and Plaintiffs' counsel has had difficulty communicating with Plaintiffs due to the time difference between the United Kingdom and Washington State;" and (3) "Plaintiffs' counsel was awaiting further information from Plaintiffs to complete the response to the motion for summary judgment but has not received the information due to the time difference." (*See id*. at 1-2.)  RED opposes the motion and argues that Plaintiffs have not shown good cause to extend the deadline.  (*See* Resp. (Dkt. # 83).)  The court agrees.

Deadlines set by the court's scheduling order and by the local civil rules "are firm dates that can be changed only by order of the court, not by agreement of counsel or parties." (*See* Sched. Order at 1.)  "The court will alter these dates only upon good cause shown." (*Id.*)  "A motion for relief from deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(g).  "If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from this deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court."

*Id.* A party seeking an extension must show good cause if their request is made before the original deadline expires. *See* Fed. R. Civ. P. 6(b)(1)(A). "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." Local Civil Rules W.D. Wash. LCR 7(j).

Plaintiffs provide no authority that the fact that a deadline falls on a Monday after a holiday or that a time difference exists between Washington and the United Kingdom constitutes good cause, and the court is unaware of any authority to that effect. (*See generally* Mot.) Plaintiffs have had Defendants' summary judgment motion since it was filed on November 14, 2019, and have had the amount of time allowed by the Local Civil Rules to respond. (*See* MSJ at 1.) Plaintiffs do not explain what "further information" they need from their clients. (*See generally* Mot.) Moreover, Plaintiffs do not explain why a time difference—which may cause a delay in terms of hours, not days—prevents Plaintiffs from filing a timely response, when Plaintiffs have been aware of their deadline for several weeks. (*See generally id.*) Plaintiffs do not explain why they waited until the final hour to request an extension. (*See generally id.*) Finally, Plaintiffs do not explain why they need an additional week to file their response. (*See generally id.*)

Accordingly, the court finds that Plaintiffs have not shown good cause. Nevertheless, the court will allow Plaintiffs to file a response to RED's summary judgment motion by **December 6, 2019**, and will re-note RED's summary judgment motion to **December 13, 2019**. The court warns Plaintiffs that the court will strictly adhere to all deadlines going forward and instructs Plaintiffs to refrain from seeking further extensions absent good cause.

1    For the reasons set forth above, the court DENIES in part Plaintiffs' motion for
2 relief from their summary judgment response deadline (Dkt. # 82). The court DIRECTS
3 the clerk to re-note RED's summary judgment motion (Dkt. # 79) for December 13,
4 2019. The court ORDERS Plaintiffs to file a response by December 6, 2019.
5    Dated this 4th day of December, 2019.

         _____
         JAMES L. ROBART
         United States District Judge