UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JINNI TECH, LTD., et al.,<br><br>    Plaintiffs,<br>    v.<br><br>RED.COM, INC., et al.,<br><br>    Defendants. | CASE NO. C17-0217JLR<br><br>ORDER REGARDING DEFENDANTS' MOTION FOR CLARIFICATION |

Before the court is Red.com, Inc. and Red.com, LLC's (collectively, "Defendants" or "RED") motion for clarification (Mot. (Dkt. # 91)) of the court's order granting in part and denying in part Defendants' motion for summary judgment (MSJ Order (Dkt. # 90)). Defendants identify a clerical error in the court's order. Namely, the order's analysis makes clear that "Defendants are entitled to summary judgment on Plaintiffs' Lanham Act claim as it relates to the Mini-Mag's 'MADE IN USA' label." (MSJ Order at 17.) However, in a subsequent portion of the order, the order states that the court has determined that Defendants are not entitled to summary judgment "with respect to Mr.

ORDER - 1

Land's statements regarding . . . the 'Made in USA' designation on RED's Mini-Mags." (MSJ Order at 20.) The court repeats essentially the same statement on page 25 of the order in its analysis of Defendants' Washington Consumer Protection Act ("CPA") claim, and states in the order's conclusion that "the court DENIES Defendants' summary judgment motion with respect to Plaintiffs' Lanham Act and Washington Consumer Protection Act claims based on statements related to RED's expenditures on testing and certifying its media cards, RED's country of origin designations on its products, and the storage capacity of RED's SSD media cards." (*Id.* at 25, 27.)

Despite the clerical error, the order's analysis makes clear that Defendants are entitled to summary judgment on Plaintiffs' Lanham Act claims based on the "MADE IN USA" designations, and also makes clear that Plaintiffs' CPA unfair competition claim survives summary judgment only to the same extent as its Lanham Act claim. (*See* MSJ Order at 17, 25 (describing Plaintiffs' Lanham Act and CPA claims as "analogous").)

Rule 60(a) permits the court to "correct a clerical mistake . . . arising from oversight . . . whenever one is found in a[n] order." Fed. R. Civ. P. 60(a). Further, "[t]he court may do so . . . on its own, with or without notice." *Id.* As relevant here, Rule 60(a) "allows a court to clarify a judgment in order to . . . reflect the necessary implications of the original order, [or] to ensure that the court's purpose is fully implemented." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (citing *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)).

//

//

To correct the clerical mistake, the court will issue an amended order that amends the sentence beginning at page 20, line 14 from:

> The court has already determined that Defendants are not entitled to summary judgment on Plaintiffs' Lanham Act claims with respect to Mr. Land's statements regarding RED's expenditures on testing, and the storage capacity of RED's SSD media cards, and on the "Made in USA" designation on RED's Mini-Mags.

to:

> The court has already determined that Defendants are not entitled to summary judgment on Plaintiffs' Lanham Act claims with respect to Mr. Land's statements regarding RED's expenditures on testing and the storage capacity of RED's SSD media cards.

The court will amend the sentence beginning at page 25, line 15 from:

> Accordingly, Defendants are not entitled to summary judgment on Plaintiffs' CPA claims as they pertain to RED's expenditures on testing and certifying its media cards, the "Made in USA" designations, or statements about the storage capacity of RED's products.

to:

> Accordingly, Defendants are not entitled to summary judgment on Plaintiffs' CPA claims as they pertain to RED's expenditures on testing and certifying its media cards or statements about the storage capacity of RED's products.

Finally, the court will amend the sentence beginning at page 27, line 6 from:

> The court DENIES Defendants' summary judgment motion with respect to Plaintiffs' Lanham Act and Washington Consumer Protection Act claims based on statements related to RED's expenditures on testing and certifying its media cards, RED's country of origin designations on its products, and the storage capacity of RED's SSD media cards[.]

to:

//

//

ORDER - 3

1 | The court DENIES Defendants' summary judgment motion with respect to Plaintiffs' Lanham Act and Washington Consumer Protection Act claims based on statements related to RED's expenditures on testing and certifying its media cards and the storage capacity of RED's SSD media cards[.]

These amendments maintain fidelity to the intent behind the court's original order. *See Garamendi*, 683 at 1079.  No other amendments to the order are necessary.

Dated this 20th day of April, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 4